# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | EDCV17-02291-RGK (SHKx) | Date | November 21, 2017 |
|---|---|---|---|
| Title | *SELINA AGUILAR v. ALLEGIS GROUP, INC.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|

| Sharon L. Williams | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS) Order Remanding Action to State Court**


On September 28, 2017, Selina Aguilar ("Plaintiff") filed a complaint against Allegis Group, Inc. ("Defendant") alleging common law and statutory claims based on disability discrimination in the workplace.

On November 10, 2017, Defendant removed the action to this Court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must supply this jurisdictional fact in the Notice of Removal by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992).

In her complaint, Plaintiff seeks damages for lost wages and benefits, emotional distress damages, punitive damages, and attorneys' fees. In support of its removal, Defendant calculates that based on Plaintiff's hourly rate, her back pay to date, is $28,000. Defendant then states that including all other requested damages, the amount in controversy exceeds the jurisdictional minimum.

Defendant fails to prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence. With $28,000 as a starting point, and no supporting evidence regarding emotional distress damages, Defendants do not meet the minimum amount in controversy, as attorneys' fees and punitive damages are speculative.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | EDCV17-02291-RGK (SHKx) | Date | November 21, 2017 |
|----------|--------------------------|------|-------------------|
| Title | ***SELINA AGUILAR v. ALLEGIS GROUP, INC.*** | | |

District courts within the Ninth Circuit are split with respect to including prospective attorneys' fees in the amount in controversy, and some courts have declined to do so. *See, e.g.*, *MIC Philberts Invs. v. Am. Cas. Co of Reading, Pa.*, 2012 WL 2118239 at *5 (E.D. Cal. June 11, 2012). In those cases, the courts have found that attorneys' fees are in the control of the client and counsel and may be avoided or accrue over years, depending on legal strategy. *See Grieff v. Brigandi Coin Co.*, 2014 WL 2608209 at *3 (W.D. Wash. June 11, 2014). The Court finds those holdings well-reasoned and finds that prospective attorneys' fees are too speculative for inclusion into amount in controversy.

As to punitive damages, Defendant has offered no evidence to support an award nearly three times the calculated back pay.

Accordingly, the Court is not satisfied that Defendant has satisfied its burden of showing by a preponderance of the evidence, that the amount in controversy meets the jurisdictional requirement.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

_____  :  _____

Initials of Preparer _____